UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF CREVE COEUR, MISSOURI, *on behalf of itself and all others similarly situated,* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18CV1453 RLW |
| DIRECTV, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

**AND**

| | | |
|---|---|---|
| CITY OF CREVE COEUR, MISSOURI, *on behalf of itself and all others similarly situated,* | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:18CV1495 SNLJ |
| NETFLIX, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff City of Creve Coeur, Missouri's Motion to Consolidate Its Cases (ECF No. 24), Defendants DISH Network Corp. and DISH Network L.L.C.'s Motion to Dismiss Complaint (ECF No. 26) and accompanying Request for Oral Argument (ECF No. 28), Defendant DIRECTV, LLC's Motion to Dismiss (ECF No. 29), and Plaintiff's Motions to Remand to State Court (No. 4:18CV1453, ECF No. 39; No. 4:18CV1495 SNLJ, ECF No. 28). The motions are fully briefed. After careful consideration, the Court grants the motion to consolidate this case with *City of Creve Coeur, Missouri, et al., v. Netflix, Inc. and*

*Hulu, LLC*, No. 4:18CV1495 SNLJ and remands both cases to the Twenty-First Judicial Circuit of Missouri in St. Louis County.

## BACKGROUND

Plaintiff filed two putative class actions on behalf of itself and similarly situated Missouri political subdivisions seeking declaratory judgment and other relief against DIRECTV, LLC, DISH Network Corp. and DISH Network L.L.C. (referred to collectively as "Satellite Defendants") in one case and against Netflix, Inc. and Hulu LLC (referred to collectively as "Streaming Defendants") in the other. In each case, Plaintiff alleges the service providers do business within the state but fail to remit fees as required by the 2007 Video Services Providers Act ("VSPA"), Mo. Rev. Stat. § 67.2675, *et seq.*, and local code provisions.[1] The separate actions against the Satellite Defendants and the Streaming Defendants were filed on the same day in the Twenty-First Judicial Circuit of Missouri in St. Louis County. Within days of each other, both cases were removed to federal court: the case against Satellite Defendants was assigned to the undersigned and case against Streaming Defendants was assigned to the Honorable Stephen N. Limbaugh, Jr.

Plaintiff now seeks to consolidate the two separate cases. Pursuant to Local Rule 4.03, Plaintiff filed its Motion to Consolidate in the case before the undersigned as it bears the lowest cause number. Satellite Defendants and Streaming Defendants[2] (all four defendants are referred to collectively as "Defendants") filed Memoranda in Opposition (ECF Nos. 44, 45, 46, & 47) and Plaintiff filed a Joint Reply in Support of Consolidation (ECF No. 48).

---

[1] The relevant local code for the named Plaintiff is Creve Coeur Municipal Code, Ch. 635, Art. VI, Sec. 635.330(C)(1) ("Creve Coeur's Code").

[2] The Court designated each Streaming Defendant as a Consolidated Filer in the case before the undersigned so they could file their respective memoranda opposing consolidation.

Two days after Plaintiff filed its Motion to Consolidate, each Satellite Defendant filed separate Motions to Dismiss. (ECF Nos. 26 & 29) Streaming Defendants have also filed Motions to Dismiss in the case before Judge Limbaugh. (No. 4:18CV1495 SNLJ, ECF Nos. 9 & 12) In addition, Plaintiff filed Motions to Remand to State Court in each case. (No. 4:18CV1453, ECF No. 39; No. 4:18CV1495 SNLJ, ECF No. 28) The motions to dismiss and motions to remand are all fully briefed and also ready for disposition.

## DISCUSSION

### I. Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure governs consolidation of cases and provides: "If actions before the court involve common questions of law or fact, the court may: (1) join for hearing or trial any or all maters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion in determining whether to order consolidation. *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). "The threshold issue is whether the proceedings involve a common party and common issues of fact or law. The mere existence of common issues, however, does not mandate that the cases be joined." *A.O.A. v. Doe Run Res. Corp.*, No. 4:11CV44 CDP, 2016 WL 1182631, at *2 (E.D. Mo. Mar. 28, 2016) (citation omitted). "The party seeking consolidation has the burden of showing the commonality of factual and legal issues, and the Court must examine 'the special underlying facts' with 'close attention' before ordering consolidation." *PB & J Software, LLC v. Acronis, Inc.*, No. 4:12-CV-690 SNLJ, 2012 WL 4815132, at *2 (E.D. Mo. Oct. 10, 2012) (quoting *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993)). The purpose of consolidation is to promote convenience and economy in the administration of actions. *Saettele*, 21 F.3d at 235 (citation omitted). However, consolidation is not appropriate if

it leads to inefficiency, inconvenience, or unfair prejudice to a party. *E.E.O.C. v. HEE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).

As an initial matter, Defendants argue the Court should deny Plaintiff's Motion to Consolidate because Plaintiff *chose* to file separate cases. While perhaps uncommon, it is not dispositive that Plaintiff is the one to file the instant Motion to Consolidate after initially choosing to file separate cases in state court. *See, e.g.*, *PB & J Software*, 2012 WL 4815132, at *1. Further, Defendants argue consolidation would be premature because of the other pending motions. *See, e.g.*, *Thompson v. City of St. Peters*, No. 4:15CV404 RLW, 2016 WL 1625373, at *2 (E.D. Mo. Apr. 21, 2016). Other courts in this district, however, have ruled on motions to consolidate before other pending motions. *See, e.g.*, *Capitol Indem. Corp. v. March*, Nos. 1:13CV75 SNLJ, 1:13CV142 LMB, 2013 WL 6838778, at *4 (E.D. Mo. Dec. 27, 2013).

These cases involve a common party: Plaintiff on behalf of itself and "all Missouri political subdivisions that collect video-service-provider fees, and in which Defendants have provided or continue to provide video service." (No. 4:18CV1453, ECF No. 6, at ¶ 11; No. 4:18CV1495 SNLJ, ECF No. 5, at ¶ 12) The fact that each defendant is a separate entity does not defeat this commonality factor. *See St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("The fact that a defendant may be involved in one case and not the other is not sufficient to avoid consolidation."). Therefore, the Court must consider whether the cases involve common questions of law or fact and determine whether consolidation would promote convenience and economy in the administration of the actions. *See* Fed. R. Civ. P. 42(a); *Saettele*, 21 F.3d at 235.

Plaintiff argues these cases involve common questions of law and fact. Plaintiff asserts the same three claims against the Satellite Defendants and the Streaming Defendants: declaratory

- 4 -

judgment, injunctive relief, and accounting (Count I); unjust enrichment (Count II); and unpaid fees, interest, and penalties (Count III). *Cf. PB & J Software*, 2012 WL 4815132, at *2 (denying the plaintiff's motion to consolidate four separate patent infringement cases because, of the plaintiff's 18 claims, the plaintiff "simply alleges that 'at least one claim' of the Patent has been infringed by each defendant, so it is not at all clear that the defendants are alleged to infringe the same claim"). The *ad damnum* clauses of each petition also seek the same relief.[3] According to Plaintiff, both cases will center on common questions of fact to prove its claims: e.g., whether Defendants provide video service in Missouri and whether each defendants' programming is delivered in part over wireline facilities located in public right-of-way.

Each defendant opposes consolidation and uses similar reasoning. Defendants argue the relevant statutes and local codes will apply differently to Satellite Defendants compared to Streaming Defendants as the former have historically provided their service via satellite communication and the latter via internet streaming. According to Streaming Defendants, this distinction means they are not "video service providers" as defined under the VSPA.

---

[3] Among other things, both petitions seek the following relief from the Court:

- "Declare and adjudge that Defendants provide video service within the meaning of Missouri's 2007 Video Services Providers Act, sec. 67.2675, RSMo, *et seq.*;"
- "Declare and adjudge that Defendants have failed to comply with and owe video-service-provider fees under Missouri's 2007 Video Services Providers Act, Creve Coeur Municipal Code, Chap. 635, Art. VI, Sec. 635.330(C)(1), and similar class member code and ordinance provisions for the preceding five years and for the duration of this litigation;"
- "Declare and adjudge that Defendants' failure to pay video-service provider fees as required by the 2007 Act, Creve Coeur Municipal Code, Chap. 635, Art. VI, Sec. 635.330(C)(1), and similar class member code and ordinance provisions caused Defendants to be unjustly enriched;"
- "Order an accounting of all monies that Defendants owe Plaintiff and class members, including interest and penalties;"
- "Enjoin and restrain Defendants from engaging in business within the boundaries of Plaintiff and class members and deriving gross revenues therefrom without paying the required video-service-provider fees;" and
- "Enter judgment in favor of each class member and against Defendants for
- the video-service-provider fees, interest and penalty due each class member from Defendants[.]"

(No. 4:18CV1453, ECF No. 6, at 11-14; No. 4:18CV1495 SNLJ, ECF No. 5, at 11-13)

Additionally, Satellite Defendants argue a provision of the federal Telecommunications Act of 1996 preempts municipalities from imposing taxes or fees on satellite video service providers. *See* Pub. L. No. 104-104, Title VI, § 602(a), 110 Stat. 144(a) (1996) (reprinted in 47 U.S.C. § 152, historical and statutory notes) ("Preemption.--A provider of direct-to-home satellite service shall be exempt from the collection or remittance, or both, of any tax or fee imposed by any local taxing jurisdiction on direct-to-home satellite service.").[4] Defendants also argue consolidation will make discovery and trial more inefficient and inconvenient because each defendant will have its own documents, discovery responses, witnesses, as well as local and national counsel that will need to coordinate with each other for all scheduling purposes.

Based on this analysis, the Court finds that Plaintiff's cases against Satellite Defendants and Streaming Defendants present common issues of fact or law that warrant consolidation. The cases will clearly involve similar questions of law related to the interpretation of the VSPA even if the act applies differently to Satellite Defendants compared to Streaming Defendants. Further, any such differences can be litigated and adjudicated in the same consolidated action.[5] The Court also finds judicial economy is best served by deciding the issue of consolidation first in order to avoid potentially conflicting rulings on the other pending motions. While the Court has sympathy for the parties and attorneys given the possible logistical difficulties that might arise coordinating between Plaintiff and all Defendants, cases involving multiple parties are commonplace in modern corporate litigation and do not outweigh the risk of conflicting rulings. Lastly, and significantly, no party will be unfairly inconvenienced or prejudiced as both cases are

---

[4] Plaintiff states its initial decision to file these cases separately was based, in part, on its anticipation that Satellite Defendants would raise preemption as an issue.

[5] According to Plaintiff, these alleged differences may not be as clear as Defendants suggest. For example, Plaintiff argues Satellite Defendants' businesses have evolved over the years and they now provide certain services via internet streaming in addition to their standard satellite video service. The Court notes this argument without expressing an opinion on the interpretation and application of relevant statutes.

at the same stage in litigation because both cases were initially filed in state court on the same day, removed to federal court within days of each other, no defendant has filed an answer, and no discovery has been exchanged. *See Spire STL Pipeline LLC v. 3.31 Acres of Land*, No. 4:18 CV 1327, 2018 WL 4300120, at *2 (E.D. Mo. Sept. 10, 2018). Pursuant to Local Rule 4.03, the case against the Streaming Defendants shall be reassigned to the undersigned for full disposition.

## II. Remand

Having decided to consolidate the separate cases, the Court now turns to Plaintiff's Motions to Remand to State Court. (No. 4:18CV1453, ECF No. 39; No. 4:18CV1495 SNLJ, ECF No. 28)

A party may remove an action to federal court only if it could have been brought in federal court originally. *Junk v. Terminix Int'l Co*, 628 F.3d 439, 444 (8th Cir. 2010) (citing 28 U.S.C. § 1441(a)-(b)). In removal cases, the Court reviews the state court petition and the notice of removal in order to determine whether it has jurisdiction. *Branch v. Wheaton Van Lines, Inc.*, No. 4:14CV01735 AGF, 2014 WL 6461372, at *1 (E.D. Mo. Nov. 17, 2014). "Where the defendant seeks to invoke federal jurisdiction through removal, . . . it bears the burden of proving that the jurisdictional threshold is satisfied." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "[A] case is ordinarily not removable on federal question grounds unless the federal question is presented on the face of the plaintiff's complaint." *Kaufman v. Boone Ctr., Inc.*, No. 4:11CV286 CDP, 2011 WL 1564052, at *1 (E.D. Mo. Apr. 25, 2011). A plaintiff may move to remand the case if the district court lacks subject matter jurisdiction. *Junk*, 628 F.3d at 444 (citing 28 U.S.C. § 1447(c)). District courts are to resolve all doubts regarding federal jurisdiction in favor of remand. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015).

Plaintiff argues the Court should remand the case back to state court because Defendants have failed to show by a preponderance of the evidence that the prerequisites for removal are present in this case. First, Plaintiff contends Defendants have not demonstrated the necessary numerosity requirement of the Class Action Fairness Act ("CAFA"), which requires the putative class consist of at least 100 class members. 28 U.S.C. § 1332(d)(5)(B). In the Notice of Removal, DISH suggests the potential class membership includes all 640 municipalities in Missouri and even conservative estimates of how many municipalities assess video-service-provider fees would exceed 100. (ECF No. 1, at ¶ 23) Plaintiff argues this speculation does not satisfy CAFA. DIRECTV filed a separate Memorandum in Support of DISH's Notice of Removal and asserts the Missouri Public Service Commission's website shows "substantially more than 100 political subdivisions in the State of Missouri have enacted ordinances under VSPA." (ECF No. 18, at ¶ 6) DIRECTV further states it has provided services to customers in "substantially more than 100 political subdivisions in the State of Missouri since June 30, 2015." (*Id.*) Plaintiff nevertheless argues even these allegations fail to meet CAFA's requirement because DIRECTV has not shown the number of political subdivisions that collect fees *and* in which DIRECTV provides service.

Defendants contend removal was proper and the Court should deny Plaintiff's Motions to Remand. Specifically, DISH has provided a declaration of its associate corporate counsel who attests to verifying the Missouri Public Service Commission's database confirms DISH has provided services to at least 100 municipalities who assess video-service-provider fees over the relevant time period, which satisfies CAFA's numerosity requirement. DIRECTV has also provided declarations supporting its assertion that it services more than 100 municipalities within the state and, therefore, possible class members. Streaming Defendants likewise have provided

declarations supporting their assertion that they provide services to over 100 Missouri municipalities. Further, Satellite Defendants note Plaintiff does not even dispute diversity jurisdiction exists making removal proper as all putative class members are Missouri citizens and each Defendant is a citizen of other states. *See* 28 U.S.C. § 1332(a).

Plaintiff also argues the Tax Injunction Act of 1937 ("TIA") prohibits this Court from exercising jurisdiction over challenges to state systems of taxation. The TIA provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "Congress enacted the TIA to 'transfer jurisdiction . . . to the state courts' to grant injunctive relief that could interfere with the State's power to assess, levy, and collect taxes." *Diversified Ingredients, Inc. v. Testa*, 846 F.3d 994, 996 (8th Cir.), *cert. denied*, 137 S. Ct. 2247, 198 L. Ed. 2d 679 (2017) (quoting *Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 515 n.19 (1981)) ("Though the explicit reference to jurisdiction was removed in the 1948 United States Code revisions, the Supreme Court has continued to refer to the TIA as limiting subject matter jurisdiction."). Additionally, Plaintiff argues the doctrine of comity supports remand.

> The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects
>
> > "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." [*Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 U.S. 100, 112 (1981)] (quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971)).
>
> Comity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity. For "[i]t is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that

the modes adopted to enforce the taxes levied should be interfered with as little as possible." *Dows v. Chicago*, 11 Wall. 108, 110, 20 L.Ed. 65 (1871).

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421-22 (2010).

In *City of Maryland Heights v. TracFone Wireless, Inc.*, No. 4:12CV00755 AGF, 2013 WL 791866, at *1 (E.D. Mo. Mar. 4, 2013), two Missouri municipalities filed a putative class action seeking declaratory and injunctive relief against a telephone service provider related to collection of local tax ordinances. The defendant telephone company removed the case to federal court pursuant to CAFA. *Id.* The court granted the plaintiffs' motion to remand because "principles of federalism and comity counsel[ed] against the exercise of CAFA jurisdiction." *Id.* (citing *Levin*, 560 U.S. at 423-24).

This case is on all fours with *Maryland Heights*. First, both Satellite Defendants and Streaming Defendants, by removing these cases, have invited "federal-court review of commercial matters over which [Missouri and Missouri municipalities] enjoy wide regulatory latitude." *Id.* at *3 (quoting *Levin*, 560 U.S. at 431). Second, the state court will be a better forum for certain defenses related to application of Missouri law and the Missouri Constitution because "[w]ithout question the state court is more familiar with Missouri's tax laws and the intent of the Missouri legislature." *See id.* (citing *Levin*, 560 U.S. at 431). Finally, Missouri courts are in a better position than this Court to rule on any potential constitutional violation "because they are more familiar with state legislative preferences and because the TIA does not constrain their remedial options." *Id.* (quoting *Levin*, 560 U.S. at 431-32).

Assuming *arguendo* that the jurisdictional requirements for removal under CAFA are satisfied, the Court nevertheless declines to exercise jurisdiction here pursuant to the reasoning of the Supreme Court in *Levin* and the decision from another court in this district in *Maryland*

*Heights*.[6] Furthermore, in addition to the principals evident in the doctrine of comity, "[t]he strong preference for the litigation of state tax issues in state courts rather than in federal courts is reflected in the [TIA]." *Maryland Heights*, 2013 WL 791866, at *2-3 (citing *Levin*, 560 U.S. at 429). Because the Court concludes the doctrine of comity justifies remanding the case to state court, it declines to rule on Defendants' separate pending motions to dismiss.[7] *See Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 432 (2010) (reserving judgment on the TIA's application where comity precluded suit); *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299 (1943) (same); *Maryland Heights*, 2013 WL 791866, at *2 (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff City of Creve Coeur, Missouri's Motion to Consolidate Its Cases (ECF No. 24) is **GRANTED**. The Clerk of Court shall reassign *City of Creve Coeur, Missouri, et al., v. Netflix, Inc. and Hulu, LLC*, No. 4:18CV1495 SNLJ to the undersigned for full disposition. The Clerk shall docket a copy of this Memorandum and Order in action before Judge Limbaugh.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Remand to State Court (No. 4:18CV1453, ECF No. 39; No. 4:18CV1495 SNLJ, ECF No. 28) are **GRANTED**. These matters shall be remanded to the Twenty-First Judicial Circuit of Missouri in St. Louis County

---

[6] Hulu argues the TIA is limited to actions commenced by taxpayers and does not apply to actions by state or local governments. (No. 4:18CV1495 SNLJ, ECF No. 36, at 6-8) Netflix also contends the TIA is inapplicable to declaratory actions seeking to collect taxes rather than a declaratory action seeking to enjoin an invalid tax. (No. 4:18CV1495 SNLJ, ECF No. 38, at 10-11) Assuming without concluding that Streaming Defendants' interpretations of the TIA are accurate, the doctrine of comity still compels this Court to remand the case to state court. *See Maryland Heights*, 2013 WL 791866, at *2 (finding that the comity doctrine warranted remand of a tax collection case filed by two Missouri municipalities).

[7] The Court rejects DISH's argument that any potential federal defenses to Plaintiff's claims defeats the comity argument as state courts are fully capable of deciding issues concerning federal preemption. *See Maryland Heights*, 2013 WL 791866, at *3 (citing *Levin*, 560 U.S. at 430-31) ("Although Defendant raises federal constitutional defenses as well, these do not involve 'any fundamental right or classification that attracts heightened judicial scrutiny' so as to justify the exercise of federal jurisdiction.").

for further proceedings. A separate Order of Remand accompanies this Memorandum and Order.

**IT IS FINALLY ORDERED** that the remaining motions are **DENIED without prejudice**.

Dated this 6th day of August, 2019.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**